IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cr. No. C-06-223 |
| | § | |
| JOSE ALBERTO OCHOA-BOCANEGRA, | § | |

**MEMORANDUM OPINION AND ORDER
<u>DENYING LETTER MOTION TO REDUCE SENTENCE</u>**

Jose Alberto Ochoa-Bocanegra ("Ochoa") was convicted and sentenced by this Court in this criminal case, and final judgment was entered on July 17, 2006. He did not appeal. On October 18, 2006, this Court received a letter from Ochoa entirely in Spanish, which was subsequently translated by the Court's staff interpreter. It has not yet been docketed.

In his letter, Ochoa states that he exhibited a poor attitude before the Court at sentencing, and did not know "how to speak in the most appropriate way" to the Court or the people present in the courtroom. He appears to blame this on a lack of legal counseling by his defense attorney, Assistant Federal Public Defender Christopher Jenkins. He also claims that his wife, children and mother have been very affected by his sentence. The only relief he directly asks for is that the Court "be kind enough to consider this sincere and good faith apology from me." (Translation at Page 3).

The Court construes his motion as a request for reduction in sentence, and the Clerk is therefore directed to docket the original letter and translation as a letter motion to reduce

sentence, and to file-stamp it as of October 18, 2006, the date the Court received it. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Ochoa fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence and his letter motion to reduce sentence is DENIED.

ORDERED this 29th day of November, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE