**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | CR. No. C-06-223 | |
| § | C.A. No. C-07-318 | |
| JOSE ALBERTO OCHOA-BOCANEGRA, § | | |
| Defendant/Movant. § | | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION UNDER 28 U.S.C. § 2255
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Jose Alberto Ochoa-Bocanegra's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 31, 32.) By Order entered July 23, 2008, the Court denied Ochoa-Bocanegra's first claim for relief. (D.E. 33 at 1-3.) On February 19, 2009, the Court held an evidentiary hearing to address Ochoa-Bocanegra's only remaining claim, which alleged that his counsel failed to file an appeal on his behalf.

For the reasons set forth by the Court at the conclusion of that hearing, Ochoa-Bocanegra's remaining claim is DENIED, and his § 2255 motion (D.E. 31, 32) is DENIED in its entirety. Additionally, as discussed herein, the Court concludes that Ochoa-Bocanegra is not entitled to a Certificate of Appealability.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ochoa-Bocanegra has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v.

1

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As set forth by the Court at the hearing, it found no support in the record for Ochoa-Bocanegra's claim that he asked his counsel to appeal at any point after his sentencing. Moreover, the undisputed evidence shows that counsel consulted with Ochoa-Bocanegra about his waiver of appellate rights. Thus, Ochoa-Bocanegra was not denied effective assistance of counsel by any failures of counsel with regard to an appeal. Similarly, as

explained by the Court in its prior order, Ochoa-Bocanegra's claim of ineffective assistance of counsel at sentencing is barred by his valid and enforceable waiver of § 2255 rights, and, in any event, fails on its merits. (See D.E. 33 at 2-3 & n.3.) The Court thus concludes that reasonable jurists could not debate the denial of Ochoa-Bocanegra's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

The Court's denial of Ochoa-Bocanegra's ineffective assistance of counsel at sentencing claim was primarily on a procedural ground, i.e., it was barred by his waiver. In order to obtain a COA as to a claim that the district court rejects on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). The Court concludes that Ochoa-Bocanegra cannot establish either showing under Slack. That is, jurists of reason would not debate that the claim is valid, nor would they debate this Court's ruling that the claim was barred by Ochoa-Bocanegra's waiver.

Accordingly, Ochoa-Bocanegra is not entitled to a COA as to his claims.

## CONCLUSION

For the reasons set forth in both the Court's order of partial dismissal signed July 23, 2008 (D.E. 33) and the reasons given by the Court at the conclusion of the February 19, 2009 evidentiary hearing, Ochoa-Bocanegra's motion pursuant to 28 U.S.C. § 2255 (D.E. 31, 32)

3

is DENIED in its entirety.  The Court also DENIES Ochoa-Bocanegra a Certificate of Appealability.

It is so ORDERED this 19th day of February, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE